UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SOLOMON DANHI,

               Petitioner,                         NOT FOR PUBLICATION
                                               MEMORANDUM & ORDER

              -against-

                                                03 CV 2646 (CBA)

UNITED STATES OF AMERICA,

               Defendant.
--------------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE

       This Court has before it a petition for a writ of error coram nobis filed by Petitioner Solomon Danhi ("Danhi"). For the reasons set forth herein, petitioner's motion is denied.

**Background**

       Danhi and his co-defendant were indicted in a three-count indictment filed November 26, 1968, charging (1) importation of 5,783 grams of hashish, a derivative of marijuana, in violation of 21 U.S.C. § 176(a); (2) concealing and facilitating the transportation and concealment of the imported hashish, in violation of 21 U.S.C. § 176(a); and (3) failure to pay a required transfer tax, in violation of 26 U.S. § 4744. Danhi pled guilty to count three, the tax fraud count, and was sentenced to two years imprisonment on that count. In connection with Danhi's guilty plea, the government dismissed the two remaining counts of the indictment.

       On April 7, 1969, Danhi moved for a reduction of sentence on the grounds of "great potential financial loss" to himself and his business associates. This motion was denied on April 21, 1969, and on May 13, 1969, a motion to reargue the court's decision was also denied. On or about May 26, 1969, in response to the Supreme Court's decision in Leary v. United States, 395 U.S. 6 (1969), in which the Court held that the provisions of the Marijuana Tax Act under which

Danhi pled guilty were unconstitutional, Danhi again moved for a reduction of sentence. A hearing was held before Judge Mishler on June 30, 1969, at which Judge Mishler stated that he "could not quite understand the thrust of the motion," and that, insofar as it was a motion to reduce Danhi's sentence, the motion would be denied, but if it was a motion to vacate Danhi's sentence as invalid pursuant to 28 U.S.C. § 2255, the motion would be granted. Judge Mishler left Danhi the choice of how he wished the court to proceed. Danhi's attorney requested that the government state their position as to whether, in the event that his conviction as to Count Three were vacated, it would seek to prosecute the defendant as to Counts One and Two. Although Judge Mishler stated that he would not require the government to state its position, the government informed the court that it would seek to proceed on the importation count. The court then adjourned the motion in order to allow Danhi, who was not present, to consider his decision. On July 27, 1969, the defendant submitted a letter indicating that he wished to withdraw his motion to vacate his sentence.

On August 29, 1994, the defendant was arrested for violation of federal narcotics laws and charged with conspiring to distribute in excess of five kilograms of cocaine. He was sentenced to 37 months imprisonment and four years of supervised release. On June 12, 2001, while on supervised release, Danhi was again arrested and charged with conspiracy to distribute in excess of 100 kilograms of marijuana. Danhi pled guilty and was sentenced to 60 months in prison, to be served concurrently with a 12-month sentence for violating his supervised release. It is this sentence which Danhi is currently serving.

## Discussion

A writ of error coram nobis "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998); United States v. Mandancini, 205 F.3d 519, 524 (2d Cir. 2000). Relief under coram nobis is "strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid," Mandancini, 205 F.3d at 524 (citing Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996)), and should be granted "only where extraordinary circumstances are present." Id. (citing Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992). In order to obtain coram nobis relief, a petitioner demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ. Foont, 93 F.3d at 78-79. In considering a coram nobis petition, a court must "presume the proceedings were correct[, and] the burden of showing otherwise rests on the petitioner." Nicks, 955 F.2d at 167.

Danhi argues that he is entitled to coram nobis relief on the grounds that (1) he asked his attorney to file an appeal and his attorney failed to do so, and (2) he only withdrew his collateral attack due to coercion by the Court and the prosecutor. Moreover, he claims that he suffers legal consequences from his conviction despite the fact that the his current sentence was not enhanced by the conviction in question, "the Bureau of Prisons is not barred from using this conviction to enhance custody and security levels." (Pet. Reply at 4-5.)

This Court finds that Danhi fails to make the requisite showing for coram nobis relief. As an initial matter, this Court does not find that there are circumstances compelling coram nobis

3

relief to achieve justice. Even if his attorney failed to file an appeal on his behalf, as he alleges, Danhi was given the option, by Judge Mishler, of whether to have his conviction vacated pursuant to § 2255. After being informed by the government that, were his conviction vacated, they would seek to prosecute him for the underlying marijuana importation charges, Danhi chose not to have his conviction vacated. This Court disagrees that the defendant was "coerced" into withdrawing his § 2255 motion to vacate. A reading of the transcript makes clear that the court merely informed Danhi of the possibility that he might be re-prosecuted; there was no indication of any coercion. Moreover, the court gave Danhi a month to consult with his attorney and to reach a decision. After weighing his options, which it is clear he understood based on the letter that his counsel into the record at the hearing, Danhi chose not to risk re-prosecution and to withdraw his motion for habeas relief. The fact that Danhi's co-defendant, who chose to vacate his conviction, was not subsequently re-prosecuted on the importation charges is not a sufficient reason for this Court to grant Danhi <u>coram nobis</u> relief.

Moreover, the adverse consequences that Danhi claims to suffer do not justify <u>coram nobis</u> relief. The Circuit has held that, "[t]o meet the burden of demonstrating that he suffers from a continuing legal consequence, a petitioner must at least point to 'a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm. . . . [I]t is not enough to raise purely speculative harms.'" <u>Fleming</u>, 146 F.3d at 91 (citing <u>United States v. Craig</u>, 907 F.2d 653, 658 (7th Cir. 1990)). The defendant's argument that as a result of this conviction, the Bureau of Prisons "can prevent the Petitioner from going to a work camp, obtain out custody or even home confinement" and that because, if this conviction is not vacated, he will have three drug convictions, his "supervised release will be significantly enhanced for drug testing, and

4

other restrictions . . . even though [he] has no history of personal drug use." (Pet. Reply at 5). These harms do not meet the requirements set forth in Fleming. Danhi does not allege that he has suffered any concrete harm yet. The fact that the Bureau of Prisons can potentially deny Danhi certain privileges during his confinement is a purely speculative harm. Moreover, the possibility that Danhi is subject to drug testing during his period of supervised release does not amount to the kind of "serious harm" justifying coram nobis relief. Fleming, 146 F.3d at 91.

## Conclusion

For the reasons set forth herein, this Court finds that Danhi has failed to demonstrate the "extraordinary circumstances" required for a writ of coram nobis. His motion is therefore denied. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated:   Brooklyn, New York
         May 2, 2005

                                        _____
                                        Carol Bagley Amon
                                        United States District Judge